UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEREMY K. MCFADDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:23-CV-241-KAC-DCP |
| | ) | 3:21-CR-66-KAC-DCP-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

On January 24, 2022, Petitioner Jeremy K. McFadden pled guilty to possessing with intent to distribute fifty (50) grams or more of ice methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [*See* Docs. 40; 41].[1] On June 10, 2022, the Court sentenced him to 140 months' imprisonment [Doc. 75 at 2]. Petitioner did not appeal. Thereafter, Petitioner filed a pro se "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" and supporting documents [Docs. 97, 98; *see also* 3:23-CV-241, Docs. 1, 2]. For the below reasons, the Court denies Petitioner's Motion.

I. **Background**

On December 17, 2020, the "Dandridge Police Department responded to a call of a passed-out driver at a gas pump" in a Pilot gas station [Doc. 65 ¶ 17, *sealed]. Law enforcement observed that the man had a "Glock Model 19, 9 mm pistol" "tucked into his waistband" [*Id.*]. Once awake, the man informed law enforcement that "he stole the pistol earlier that morning from" a motel

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, Case Number 3:21-CR-66.

room that Petitioner and a codefendant rented and "stole shoes from the defendant's [Petitioner's] car" [*Id.*]. The man stated that Petitioner and the codefendant were at the motel "and were in possession of several ounces of methamphetamine" [*Id.*]. While law enforcement surveilled Petitioner and the codefendant at the motel, Petitioner and the codefendant approached an officer "to report that some of their shoes had been stolen" [*Id.* ¶ 18, *sealed]. Later, officers neared the motel room where Petitioner and the codefendant were located and "smelled a strong odor of marijuana emanating from the room" [*Id.*]. "After knocking on the door," law enforcement noticed the codefendant "making movements as to conceal something" [*Id.*]. "A short time later," Petitioner "opened the motel room door" and "admitted" to officers that he was "smoking marijuana in the motel room" [*Id.*]. Officers then obtained a search warrant and "searched the motel room and [Petitioner's] car" [*Id.*]. The motel room search uncovered "a plastic baggie containing approximately 416 grams of ice methamphetamine, digital scales, a drug ledger, United States currency, and drug paraphernalia" [*Id.* ¶ 19, *sealed]. Petitioner admitted "that he possessed the ice methamphetamine and intended to distribute" it [*Id.* ¶ 20].

On January 24, 2022, Petitioner pled guilty pursuant to an Amended Plea Agreement [*See* Docs. 40; 41]. At his Change of Plea hearing, the Court ensured that Petitioner understood the terms of his Amended Plea Agreement [*See* Doc. 41]. The Court ultimately sentenced Petitioner to 140 months' imprisonment followed by five (5) years of supervised release on June 10, 2022 [Doc. 75 at 2-3]. Petitioner did not appeal his conviction or sentence. On June 5, 2023, Petitioner signed the instant Motion, alleging ineffective assistance of counsel claims and a prosecutorial misconduct claim [*See* Doc. 97 at 4-7, 9, 12; *see also* 3:23-CV-241, Doc. 1 at 4-7, 9]. None of his claims entitle him to Section 2255 relief.

2

## II.     Legal Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence based on claims that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioner bears the burden to show: (1) "an error of constitutional magnitude;" (2) "a sentence imposed outside the statutory limits;" or (3) "an error of fact or law that was so fundamental as to render the entire proceeding invalid." *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

To obtain collateral relief under Section 2255, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* requires a district court to summarily dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 4(b).

The Court liberally construes a pro se Section 2255 petition. *See McCormick v. Butler*, 977 F.3d 521, 528 (6th Cir. 2020). "But the liberal-construction rule does not 'abrogate basic pleading essentials,' such as the requirement that a § 2255 petitioner state the factual bases underpinning every claim for relief." *Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, at *3 n.3 (6th Cir. July 8, 2022) (internal citation omitted). Indeed, "[c]onclusory allegations alone,

3

without supporting factual averments, are insufficient to state a valid claim under § 2255." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (quoting *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013)).

### III. Analysis

Procedurally, no evidentiary hearing is required to assess this Section 2255 Petition. Petitioner's allegations are primarily "conclusions rather than statements of fact," and where he offers some factual allegations, they are "inherently incredible." *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court therefore proceeds on the current record. Substantively, Petitioner's claims "are contradicted by the record, inherently incredible, [and] conclusions rather than statements of fact." *See id.*; *see also Gabrion*, 43 F.4th at 578.

#### A. Petitioner's Motion Is Timely Under The Prison Mailbox Rule.

"The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides strict gatekeeping requirements for the filing of post-conviction petitions." *Chambers v. United States*, 763 F. App'x 514, 517 (6th Cir. 2019). AEDPA contains a one-year limitations period to bring a Section 2255 petition for relief that begins upon the latest of:

> (1) The date on which the judgment of conviction becomes final;
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When considering a Section 2255 petition's timeliness, the "prison mailbox rule" applies. *See, e.g.*, *United States v. Westine*, No. 22-5790, 2023 WL 7521686, at *1 (6th Cir. Nov. 9, 2023) (citing *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)). Under this rule, a court considers a Section 2255 petition filed on the date a petitioner "sign[s] the motion under the penalty of perjury." *See Brand*, 526 F.3d at 925; *see also Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

Here, the United States asserts that Petitioner's Motion is untimely [Doc. 9 at 4-5]. The Court entered judgment in Petitioner's criminal case on June 10, 2022 [Doc. 75]. Petitioner did not appeal. Therefore, Petitioner's conviction became final on June 24, 2022. *See Sloan v. United States*, No. 22-3808, 2023 WL 6296602, at *1 (6th Cir. March 31, 2023). While Petitioner's Section 2255 Motion was not mailed until July 5, 2023, and the Clerk's Office did not file it until July 7, Petitioner signed it on June 5—within AEDPA's limitation period [*See* Doc. 97 at 12]. Accordingly, Petitioner's Section 2255 Petition is timely.

### B. Petitioner's Ineffective Assistance Of Counsel Claims Based On Counsel's Failure To File A Motion To Suppress Fails.

For his first claim of relief, Petitioner asserts this his Counsel failed "to object to and or file a motion to suppress" evidence obtained by "an illegal search and seizure" [Doc. 97 at 4; *see also* 3:23-CV-241, Doc. 1 at 4]. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."

5

U.S. Const. amend. VI. The Supreme Court has held that the Sixth Amendment guarantees the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 680 (1984).

To succeed on an ineffective assistance of counsel claim, Petitioner "must establish two things." *See Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted). **First**, Petitioner must show that his Counsel's performance was deficient—it fell "below prevailing professional norms." *Id.* (citation and quotation marks omitted). Establishing "deficient" performance requires Petitioner to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and reviews counsel's conduct "in light of the information known [to counsel] at the time of the decisions, not in hindsight." *Id.* at 680, 689. **Second**, Petitioner must demonstrate that Counsel's deficient performance "prejudiced" Petitioner. *Id.* at 687. Demonstrating prejudice requires Petitioner to show by a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See, e.g.*, *Mix v. Brown*, No. 21-1623, 2022 WL 11367765, at *3 (6th Cir. April 19, 2022) (citing *Strickland*, 466 U.S. at 688, 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Even an unprofessional error does "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691.

"[I]neffectiveness claims are often disposed of for lack of sufficient prejudice" because demonstrating "prejudice is not easy." *See Bullard*, 937 F.3d at 661 (citation and quotation marks omitted). Indeed, Petitioner confronts a "high burden in demonstrating that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

6

been different." *Id.* Importantly too, "[c]laims of pre-plea ineffective assistance not relating to the acceptance of the plea" are "waived" when a Defendant knowingly and voluntarily enters a guilty plea. *See, e.g.*, *Rose v. Warden Chillicothe Corr. Inst.*, No. 18-3997, 2019 WL 5260158, at *3-4 (6th Cir. July 17, 2019) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007) (recognizing that, post-plea, a petitioner "may only attack the voluntary and intelligent character of the guilty plea").

Petitioner likely waived his first ineffective assistance of counsel claim when he knowingly and voluntarily pled guilty, but even if not, it fails. Petitioner now claims that the United States conducted an illegal search of the motel by "produc[ing] an invalid warrant" "a day after" Petitioner was arrested and that counsel's failure to file a motion to suppress evidence on that basis violated Petitioner's Sixth Amendment rights [Doc. 98 at 2-3; *see also* 3:23-CV-241, Doc. 2 at 2-3]. This claim, however, is based on Counsel's pre-plea conduct and alleged constitutional violations that predate Petitioner's guilty plea [*See* Doc. 41]. And Petitioner has not provided facts showing that the alleged error affected his decision to enter into a plea agreement or ultimately plead guilty. Even if Petitioner had, or could, he has not identified any legitimate basis on which his counsel could have moved to suppress the evidence located at the motel. And the theory that he espouses in his Petition, [*see* Docs. 97 at 4, 98 at 2-3], is necessarily inconsistent with the factual basis that he agreed to in his Amended Plea Agreement and the facts that he attested to at his Change of Plea hearing, [*see* Docs. 40 at 3 (agreeing that "[a] search warrant was obtained" and then "law enforcement officers searched the motel room and the defendant's car"), 43]. Therefore, Petitioner's first ineffective assistance of counsel claim fails.

### C. Petitioner's Second Ineffective Assistance of Counsel Claim And Prosecutorial Misconduct Claim Do Not Establish A Right To Relief.

Petitioner bases his second ineffective assistance claim and his sole prosecutorial misconduct claim on the same premise. Specifically, Petitioner argues that his counsel failed to warn him that pleading guilty would "expose [him] to the possibility of death by being forced to live in extremely hazardous prison" conditions [Doc. 97 at 5; *see also* 3:23-CV-241, Doc. 1 at 5]. And Petitioner maintains that the Prosecutor's failure to inform him of purported "inmate on inmate violence, official corruption, and [] staff shortage," and "extremely dangerous and hazardous prison environment" breached his Amended Plea Agreement and amounts to prosecutorial misconduct [Doc. 97 at 6-7; *see also* 3:23-CV-241, Doc. 1 at 6-7]. Petitioner's claims fail because the law does not require defense counsel or the United States to warn a defendant about potential challenges in a prison environment.

"[E]ven the most secure prisons are dangerous places for inmates." *See Spear v. Sowders*, 71 F.3d 626, 630 (6th Cir. 1995) (en banc). Due to "the character of prisoners and the nature of imprisonment, corrections facilities are volatile places, brimming with peril." *See United States v. Prevo*, 435 F.3d 1343, 1346 (11th Cir. 2016). "[P]risons are inherently dangerous environments." *See Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020) (citation omitted). The Court assessed Petitioner's claims against this unfortunate, but well-established backdrop.

Starting with Petitioner's ineffective assistance claim, Counsel's alleged failure to inform Petitioner of the inherent dangerousness of prisons is entitled to the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 689. It is reasonable for Counsel not to inform Petitioner of bedrock facts regarding prisons. And Petitioner has failed to provide any evidence that his Counsel's performance fell "below prevailing professional norms." *See Bullard*, 937 F.3d at 661 (citation

8

and quotation marks omitted). If Petitioner wishes to challenge his particular prison conditions, unrelated to his conviction or sentence, "[p]risoners typically use civil suits to raise challenges to their *conditions of confinement* if the challenge would not 'imply the invalidity of [their] conviction or sentence.'" *See United States v. Holt*, 117 F.4th 599, 609 (6th Cir. 2024) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

Petitioner's prosecutorial misconduct claim fails for similar reasons. In this context, the law asks "whether the plea was induced by improper threats, promises, or other things that have no proper relationship to the prosecutor's business." *See Woods v. United States*, 398 F. App'x 117, 127 (6th Cir. 2010) (citation and quotation marks omitted). No evidence of such exists here. Petitioner alleges that the Prosecutor's failure to "inform [Petitioner] that he would be forced to live within an inhumane, extremely dangerous and hazardous prison environment" was a "breach of [the] Plea Agreement" and constituted prosecutorial misconduct [Doc. 97 at 7; *see also* 3:23-CV-241, Doc. 1 at 7]. The Court, however, could not identify any prosecutorial obligation to inform a defendant of prison's inherent dangerousness. And Petitioner does not present facts that would allow the Court to infer that the Bureau of Prisons facility to which Petition would be assigned was "inhumane, extremely dangerous and hazardous" let alone that the Prosecutor knew as much and withheld that information. And, if Petitioner wishes to challenge his particular prison conditions, a civil action may be available to raise that challenge. Petitioner's final claims therefore fails.[2]

---

[2] The Petition and supporting materials may be read to claim that the Court imposed an "excessive penalty" in violation of the Eighth Amendment simply by sentencing Petitioner to 140 months' imprisonment [*See, e.g.*, 3:23-CV-241, Doc. 2 at 3]. To the extent Petitioner intended to raise such a claim, he waived the right to bring that direct challenge to his sentence in his Amended Plea Agreement [*See* Doc. 40 at 7-8]. *See Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022).

## IV. Conclusion

Because Petitioner is not entitled to relief under Section 2255, the Court **DENIES** his pro se "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 97; *see also* 3:23-CV-241, Doc. 1] and **DISMISSES** Petitioner's civil action, 3:23-CV-241. An appropriate judgment will enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, upon the entry of a final order adverse to a Petitioner, the Court must "issue or deny a certificate of appealability." The Court may issue a certificate of appealability only when Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would conclude that the Court's assessment of Petitioner's claim is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of any of Petitioner's claims. Accordingly, the Court **DENIES** a certificate of appealability. Further, any appeal of this Memorandum Opinion And Order would not be taken in good faith and would be totally frivolous. Therefore, under Federal Rule of Appellate Procedure 24, should Petitioner file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(3).

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge